**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4086**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

RENETTA NICOLE PARK,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-03-839)

_____

Submitted:  September 29, 2005      Decided:  October 5, 2005

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  William Earl Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Renetta Nicole Park appeals her guilty-plea conviction and sentence for using unauthorized access devices with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(2), 2 (2000). Park's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal. Park has not filed a pro se brief despite being informed of her right to do so. Finding no reversible error, we affirm.

In the Anders brief, counsel asserts that the district court's failure to advise Park of her right against self-incrimination during the Fed. R. Crim. P. 11 colloquy constitutes reversible error. "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Because Park raises this issue for the first time on appeal, her claim is reviewed for plain error. Consequently, Park must show: (1) an error occurred; (2) the error was plain; (3) the error affected her substantial rights; and (4) the error calls into question the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725, 732 (1993).

The record demonstrates that the district court expressly advised Park of the rights she would be giving up, including the right to go to trial and the right to present and confront witnesses. Furthermore, Park was clearly advised of the nature of

the charges against her and the factual basis of her plea, as well as the application of the sentencing guidelines. Thus, we conclude that the additional information of the right not to testify at trial would likely not have affected Park's plea. Accordingly, because this error did not affect Park's substantial rights, we conclude that the district court's omission does not amount to reversible error. Fed. R. Crim. P. 11(h); Olano, 507 U.S. at 732.

Although Park does not raise a challenge to her sentence under United States v. Booker, 125 S. Ct. 738 (2005), despite being given an opportunity to file supplemental briefing, counsel questions the calculation of Park's Sentencing Guidelines range and the district court's imposition of a ten-month sentence. Park stipulated to her base offense level and the amount of loss, and she points to no error in the guidelines calculation. Moreover, because there were no impermissible judicial enhancements, we find that she suffered no Sixth Amendment violation under Booker. In addition, the record provides no nonspeculative basis suggesting that the court would have sentenced the defendant differently had the guidelines been advisory instead of mandatory. Accordingly, we conclude that her sentence was not plainly erroneous. Olano, 507 U.S. at 732; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); United States v. White, 405 F.3d 208, 224 (4th Cir. 2005) (holding that a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused

the district court to impose a longer sentence than it otherwise would have imposed.").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Park's conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>